# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICHAEL J. ABSHURE**                                                                    **PLAINTIFF**
**#264866**

v.                               No: 4:23-cv-01090-BSM-PSH

**BROWN,** *et al.*                                                                       **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Michael J. Abshure, an inmate at the Pulaski County Detention Facility ("PCDF"), initiated this lawsuit by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 16, 2023 (Doc. No. 1). The Court granted Abshure *in forma pauperis* status and instructed him to file an amended complaint to clarify and narrow his claims (Doc. No. 4). The Court warned Abshure that an amended

complaint would render his original complaint without legal effect and that only claims properly set out in his amended complaint would be allowed to proceed. *Id.* He subsequently filed an amended complaint (Doc. No. 5). The Court has screened Abshure's amended complaint and finds that he does not describe facts sufficient to state a claim upon which relief may be granted.

## I.  Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002),

and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. In his amended complaint, Abshure sues Deputy Brown from the Pulaski County Sheriff's office who transported him to a court proceeding on September 11, 2023. Doc. No. 5 at 1-2, 4-5. He claims Deputy Brown, the driver of the transport vehicle, ran into the back of another car in an intersection and then hit the brakes hard. *Id.* at 4. Abshure claims he suffered extreme back and neck pain. *Id.* He claims he was examined at the hospital a few days later and given a pain shot, and he received some pain medication after returning to the PCDF but it was eventually discontinued. *Id.*

Abshure's claim against Deputy Brown fails as a matter of law because it sounds in negligence, which is not actionable under § 1983. *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim under both the Eighth

Amendment and the Fourteenth Amendment applicable to pre-trial detainees). Accordingly, Abshure's claims against Deputy Brown related to the vehicle accident should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Additionally, Abshure describes no involvement on the part of defendant Sheriff Higgins. And while he complains that his pain medication was eventually discontinued at the PCDF, he does not name any defendants who were personally responsible for his medical treatment. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). Accordingly, Abshure's claims against Sheriff Higgins as well as his claims regarding his medical treatment should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. Conclusion

It is therefore recommended that:

1. Abshure's claims be dismissed without prejudice.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 30th day of January, 2024.

_____
UNITED STATES MAGISTRATE JUDGE